GOODWIN PROCTER LLP
I. Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
601 Marshall Street
Redwood City, California  94063
Telephone:  (650) 752-3100
Facsimile:  (650) 853-1038

GOODWIN PROCTER LLP
Darryl M. Woo (SBN 100513)
dwoo@goodwinlaw.com
Three Embarcadero Center
San Francisco, California  94111
Telephone:  (415) 733-6000
Facsimile:  (415) 677-9041

ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE

Attorneys for Plaintiff
JBF Interlude 2009 Ltd. – Israel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JBF INTERLUDE 2009 LTD – ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>QUIBI HOLDINGS LLC,<br><br>Defendant. | Case No. 2:20-cv-2299 JAK(SKx)<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR ACCELERATED HEARING DATE AND BRIEFING SCHEDULE**<br><br>Judge:      Hon. John A. Kronstadt |

Pursuant to Local Rule 7-19 and this Court's standing orders, Plaintiff JBF Interlude 2009 Ltd. – Israel ("Eko") hereby applies *ex parte* for an order accelerating the hearing date and briefing schedule on Eko's motion for preliminary injunction, filed on April 1, 2020 ("PI Motion," Dkt. No. 30), and currently on calendar for hearing on June 29, 2020. By this Application, Eko seeks to reset this matter to the earliest date on or after May 4, 2020, that the Court can hear Eko's PI Motion, and to set a briefing schedule in accordance with a May 4 hearing date under Civil Local Rules 7-9 and 7-10; to wit: requiring Defendant Quibi Holdings LLC ("Quibi") to file its opposition papers on or before April 13, 2020 (21 days prior to a May 4 hearing), and requiring Eko to file its reply papers on or before April 20, 2020 (14 days prior to May 4), as summarized below:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for Quibi to File Opposition | June 8, 2020 | April 13, 2020 |
| Deadline to Eko to File Reply | June 15, 2020 | April 20, 2020 |
| Hearing on Eko's PI Motion | June 29, 2020 at 8:30 a.m. | May 4, 2020 at 8:30 a.m. |

This Application is based on the memorandum of points and authorities attached hereto, the accompanying Declaration of Darryl M. Woo, all other pleadings and papers in the Court's file, and such other argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

A party seeking an *ex parte* application for relief "must show that it 'will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures,' and that the moving party 'is without fault in creating the crisis that requires ex parte relief.'" *ELT Sight, Inc. v. EyeLight, Inc.*, No. CV 19-5545

JAK (RAOx), 2019 WL 7166063, at *2 (C.D. Cal. Oct. 29, 2019) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

Eko's application satisfies both prongs of this requirement. As set forth in its PI Motion, Eko has, and is, already suffering irreparable harm by Quibi's theft of Eko's trade secrets, which Quibi has incorporated into its products and services that it has announced it would launch on April 6, 2020. This harm will continue to occur and increase significantly over the period Eko must otherwise wait to have its PI Motion heard because Quibi informed Eko's counsel today that, notwithstanding Eko's PI Motion, it still intends to proceed with its April 6, 2020 launch of its products and services that use Eko's trade secret technology. Decl. of Darryl M. Woo ("Woo Decl.") ¶ 5. Eko will be irreparably prejudiced if it is forced to wait until June 29, 2020 to have its motion for preliminary injunction heard, as the irreparable harm shown in its PI Motion will continue to accrue during that nearly three month period, and Eko did not cause the need for the expedited hearing on its motion.

Eko filed its PI Motion on April 1, 2020. In the ordinary course, consistent with the Local Rules and Judge Kronstadt's standing orders, had an open date been available on the Court's calendar, such motion could be heard as early as May 4, 2020. Accordingly, Eko respectfully requests that the hearing on Eko's PI Motion be accelerated to occur on May 4, 2020, or as soon thereafter as this Court has availability. Eko further requests that any opposition to the motion be filed by April 13, 2020, and Eko's reply be filed by April 20, 2020, modifying the current deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for Quibi to File Opposition | June 8, 2020 | April 13, 2020 |
| Deadline to Eko to File Reply | June 15, 2020 | April 20, 2020 |
| Hearing on Eko's PI Motion | June 29, 2020 at 8:30 a.m. | May 4, 2020 at 8:30 a.m. |

Counsel for Quibi is Benjamin J. Fox of Morrison & Foerster, 707 Wilshire Blvd., Suite 6000, Los Angeles, California, 90017. His office telephone number is (213) 892-5200, and his email address is bfox@mofo.com.

As detailed more fully below, pursuant to Local Rules 7-19 and 7-19.1, Eko provided notice of this *Ex Parte* Application to counsel for Quibi by phone on a call arranged for 11:00 a.m. Pacific today, at an alternative number for counsel. Woo Decl. ¶ 5. Eko informed counsel that it intended to seek *ex parte* relief to accelerate the hearing date on Eko's PI Motion, and that Eko intended to file its *Ex Parte* Application this day. *Id.* ¶¶ 5-6 & Ex. A. Eko also informed Quibi's counsel that any opposition would be due 24 hours from the time of service, but that because this Application is being filed on a Friday, Eko would not oppose Quibi filing by 5:00 p.m. Monday, April 6. *Id.* ¶ 6.

I.  **Eko Meets the First Prong: It Will Suffer Irreparable Prejudice If Its Motion Is Not Heard Before June 29, 2020**

As more fully set forth in Eko's PI Motion, Quibi employees Joseph Burfitt and CJ Smith stole Eko's trade secrets that were disclosed under multiple non-disclosure agreements ("NDAs"). PI Mot. at 11-14, 18-20. Such trade secrets are key to the ability of a video streamed to a mobile device to seamlessly transition from vertical (or "portrait") orientation, to horizontal (or "landscape") orientation, while filling the entirety of the tiny screen. *Id.* at 5-6. Quibi used Eko's trade secrets not

3

only to develop and implement this key feature, which Quibi calls "Turnstyle," but as the basis for a Quibi patent that claims the stolen technology as its own. *Id.* at 12-13. As shown by Eko's PI Motion, Quibi's patent overlaps substantially with an Eko patent application (which later issued) filed and published well prior to the application that led to Quibi's patent, yet Quibi made no mention of Eko's patents or applications despite Eko specifically informing Quibi of them. *Id.* at 13-14. As further shown by Eko's PI Motion, Quibi's imminent launch of its products and services using Turnstyle will cause Eko irreparable harm that will mount each day until this Court may hear and decide Eko's PI Motion. *Id.* at 14-15, 20-23.

Under the current schedule, Eko's motion for preliminary injunction will not be heard until June 29, 2020—nearly three months after Quibi makes it Turnstyle technology available to the public on April 6, 2020. As set forth in Eko's PI Motion, during the interim period, Eko will suffer irreparable prejudice in the form of loss of reputation and goodwill, deterioration of customer relationships, and loss of investor confidence, among other things. *Id.* at 20-23. Under Local Rule 7's notice requirements for motions, a hearing on Eko's PI Motion could be held as early as May 4, 2020. Accelerating that hearing date from June 29 to May 4, or as soon thereafter as this Court has availability, will help reduce such prejudice.

## II. Eko Meets the Remaining Prong: Eko Is Without Fault for the Delayed Hearing

Eko recognizes that the Court's heavy docket, and the current COVID-19 situation, present scheduling difficulties. However, the current health crisis is part of the reason that Eko seeks injunctive relief—Quibi has exploited the current situation to promote its product as an entertainment source that people can use while they shelter in place. And, in the months leading up to the filing of Eko's motion, Eko attempted to resolve the parties' dispute informally and specifically requested that Quibi refrain from making, using, or selling its Turnstyle feature that uses Eko's proprietary trade secrets. Woo Decl. ¶ 3. Quibi refused to engage in any good faith

discussions, and instead, on March 9, 2020, filed a declaratory judgment lawsuit against Eko. *See Quibi Holdings, LLC v. Interlude US, Inc. d/b/a Eko*, Case No. 2:20-cv-02250 (C.D. Cal.).

Eko filed this suit *the following day*, and filed its PI Motion as early as practicable under these circumstances, on April 1, 2020. Woo Decl. ¶ 3. Under Local Rules 7-9 and 7-10, and Judge Kronstadt's standing orders, the earliest date the PI Motion could be set for hearing is May 4, 2020.[1] As of the date the PI Motion was filed, however, Judge Kronstadt's regular law & motion dates were already filled by other matters, leaving June 29 as the first open date. Thus, through no fault of Eko's, its PI Motion could not have been set for an earlier date absent the relief requested by this Application.

### III.  Eko Provided Notice to Quibi

On April 3, 2020 (today), on a call arranged for 11:00 a.m. Pacific Time, Eko notified Quibi's counsel that it would move to accelerate the hearing on Eko's motion. Counsel for Quibi is Benjamin J. Fox of Morrison & Foerster, 707 Wilshire Blvd., Suite 6000, Los Angeles, California, 90017. His office telephone number is (213) 892-5200, and his email address is bfox@mofo.com.

Counsel for Eko, Darryl M. Woo, reached Mr. Fox at an alternative phone number he provided to Mr. Woo and asked whether in light of Eko's PI Motion, Quibi still intended to launch its service and products on the upcoming Monday, April 6, 2020. Woo Decl. ¶ 5. Mr. Fox answered in the affirmative. *Id.* Mr. Woo asked if he would, then, agree to accelerate the hearing on Eko's PI Motion from June 29, 2020, to the first date available after May 4 that the Court would set. *Id.* Mr. Woo also asked whether Quibi would agree to a briefing schedule commensurate with a May 4, 2020 hearing date in accordance with Civil Local Rules 7-9 and 7-10;

---

[1] The pre-filing cease & desist exchange took this matter past the time that an application for Temporary Restraining Order ("TRO") seemed reasonable. Eko thus proceeded instead by its PI Motion.

namely, that Quibi's opposition would be due April 13, and Eko's reply due April 20. *Id.* Mr. Fox stated he would need to check with his client and would get back to Mr. Woo. *Id.*

At approximately 2:30 p.m., Mr. Woo followed up with Mr. Fox via email to confirm their conversation. *Id.* ¶ 6 & Ex. A. Mr. Woo further requested that Mr. Fox respond no later than 4:00 p.m., or Eko would assume that Quibi opposes this Application *Id.* (both). Mr. Fox responded that Quibi "will oppose any request to move the hearing date." *Id.* (both). Mr. Woo responded that, pursuant to the Court's standing order regarding *ex parte* application, any opposition must be filed no later than 24 hours after service of these papers. *Id.* (both). However, given this Application is being filed on a Friday, Eko will not object to Quibi filing its opposition by 5:00 p.m. on Monday, April 6. *Id.*

## CONCLUSION

For the foregoing reasons, Eko respectfully requests that the Court grant its *Ex Parte* Application for Accelerated Hearing Date and Briefing Schedule on Eko's motion for preliminary injunction.

Dated: April 3, 2020

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ *Darryl M. Woo*
    Darryl M. Woo

Attorneys for Plaintiff
JBF Interlude 2009 Ltd. – Israel

OF COUNSEL:

GOODWIN PROCTER LLP
Cindy Chang (*pro hac vice*)
620 8th Avenue
New York, New York 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333