MICHAEL A. JACOBS (CA SBN 111664)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
mjacobs@mofo.com

BENJAMIN J. FOX (CA SBN 193374)
SOO J. PARK (CA SBN 300988)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
bfox@mofo.com; spark@mofo.com

Attorneys for Defendant
QUIBI HOLDINGS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JBF INTERLUDE 2009 LTD – ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>QUIBI HOLDINGS LLC,<br><br>Defendant. | Case No. 2:20-CV-02299-JAK-SK<br><br>**QUIBI HOLDINGS LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, SUPPORTING DECLARATIONS, AND EXHIBITS THERETO**<br><br>Judge: Hon. John A. Kronstadt |

Pursuant to Local Rule 79-5.2.2 and the Court's Standing Orders For Civil Cases Assigned To Judge John A. Kronstadt, Defendant Quibi Holdings LLC ("Quibi") respectfully submits this Application and supporting Declaration of Michael A. Jacobs ("Jacobs Decl.") establishing that there are compelling reasons to file under seal the following documents or portions of documents submitted in connection with its Opposition to Eko's Motion for Preliminary Injunction:[1]

| Document | Portions to Be Filed Under Seal |
|---|---|
| Opposition | Redactions on pages 3, 6, 10–13, 16–18, 21 |
| Declaration of Alan Bovik | Redactions on pages 7–25 |
| Declaration of Joseph Burfitt | Redactions on pages 1–3; Exhibits A and B redacted in full |
| Declaration of Thomas Conrad | Redactions on pages 3, 5 |
| Declaration of Greg Gioia | Redactions on pages 3, 4 |
| Declaration of Michael Jacobs | Redactions on Exhibit A (page 3) |
| Declaration of Brian Napper | Redactions on pages 4, 7, 8, 13, 14, 23–28, 30, 31, 33–36, 38–40; Redaction on Exhibit 1 (page 43) |
| Declaration of Robert Post | Redactions on pages 2–6, 8; Exhibits A, C, D, F redacted in full |
| Declaration of Clifton (C.J.) Smith | Redactions on pages 1, 2; Redactions on Exhibit A (page 8) |
| Declaration of Daniel Szeto | Redactions on pages 2, 3 |

[1] Many of the proposed redactions originate from Plaintiff JBF Interlude 2009 Ltd.—Israel ("Eko"). Eko contended in an application to file under seal accompanying its Motion for Preliminary Injunction that certain information in its motion required protection. (D.I. 28, 29.) The Court has not yet granted Eko's application. (Jacobs Decl. ¶ 4).

1

| Declaration of Jim Williams | Redactions on pages 5–7, 11–17, 19, 21–27, 29–31 |

For the purposes of this Application, Quibi will refer to the documents and discussions of all of this information sought to be filed under seal as the "Highly Confidential Materials."

Under Federal Rule of Civil Procedure 26(c), the Court may seal court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Sealing is appropriate in the context of a preliminary injunction motion where "compelling reasons" exist to protect the information from being disclosed to the public. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). "'[C]ompelling reasons' may exist if sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing." *Dobrosky v. Arthur J. Gallagher Serv. Co. LLC*, No. EDCV 13-0646 JGB (SPx), 2015 U.S. Dist. LEXIS 68252 at *11 (C.D. Cal. May 18, 2015) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)); *see also In re Conagra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 U.S. Dist. LEXIS 194205, at *11 (C.D. Cal. Dec. 29, 2014) ("[T]he risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies sealing.").

There are compelling reasons for the Court to permit the Highly Confidential Materials to be filed under seal. The Highly Confidential Materials contain confidential, proprietary information that Quibi has designated as "Highly Confidential—Attorneys' Eyes Only" under the Model Protective Order—which the parties have adopted on an interim basis—and that Quibi treats as highly confidential in the ordinary course of business, prohibiting employees from sharing the information outside of the company without authorization. (Jacobs Decl. ¶ 7.)

Specifically, the Highly Confidential Materials contain: (1) Confidential and competitively sensitive business and financial information; (2) Confidential third party information; and (3) Quibi's confidential and proprietary technical information. The disclosure this information would put Quibi at a competitive disadvantage. (*Id.* ¶¶ 5-7.) The disclosure of business and financial information would afford competitors insight into Quibi's business operations that could be used to target Quibi's business strategy and undermine Quibi's business relationships. (*Id.*) Finally, Quibi's employees who previously worked at Snap are contractually obligated to maintain the confidentiality of information related to their work at Snap, and Quibi cannot request that they disclose this information without exposing the employees to legal risk. (*Id.* at ¶ 8.)

Courts routinely grant motions to seal documents and testimony containing these types of information, including in intellectual property disputes between companies. *See, e.g.*, *Fox Broad. Co. v. Dish Network, LLC*, No. CV12-04529 DMG (SHx), 2015 U.S. Dist. LEXIS 54763, at *2-6 (C.D. Cal. Jan. 20, 2015) (granting motion to seal proprietary technology and confidential business contracts with third parties); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 U.S. Dist. LEXIS 101314, at *9-11 (N.D. Cal. Aug. 2, 2016) (granting motion to seal product design information and detailed sales information); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 U.S. Dist. LEXIS 15825, at *5-9 (N.D. Cal. Feb. 9, 2016) (granting motion to seal information about the technical operation of products, financial data, and confidential business agreements); *Adobe Sys. Inc. v. Coffee Cup Partners Inc.*, No. 11-cv-02243-JST, 2014 U.S. Dist. LEXIS 161008, at *6-7 (N.D. Cal. Nov. 17, 2014) (granting motion to seal confidential product pricing decisions, licensing negotiations, terms sheets, and proprietary information about the functionality of moving party's products); *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2019 U.S. Dist. LEXIS 216789 (N.D. Cal. Dec. 16, 2019) (granting motion to seal proprietary business

information, insights into business approaches, investor information, and confidential agreements with third parties).

The proposed portions of documents to be filed under seal are also narrowly tailored to seal only material eligible for sealing. *See Big Baboon, Inc. v. SAP Am., Inc.*, No. 4:17-cv-02082-HSG, 2019 U.S. Dist. LEXIS 69769, at *14-15 (Apr. 24, 2019) (finding that trade secrets, confidential business information, and contracts with third parties are sealable). Quibi's proposed redactions are no broader than necessary to protect its competitive interests and its confidentiality obligations to other parties. (Jacobs Decl. ¶ 9.)

Counsel for Quibi has discussed this Application with Plaintiff's counsel and confirmed that the Application is unopposed, provided that Plaintiff's counsel be afforded the opportunity to object to specific redactions in Quibi's as-filed papers. Accordingly, Quibi respectfully requests that the Court grant this Application and seal the Highly Confidential Materials.

Dated: April 13, 2020                    MORRISON & FOERSTER LLP

                                         By:  /s/ *Michael A. Jacobs*
                                              Michael A. Jacobs

                                         Attorneys for Defendant
                                         QUIBI HOLDINGS, LLC