MICHAEL A. JACOBS (CA SBN 111664)
THOMAS J. PARDINI (CA SBN 313401)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
mjacobs@mofo.com; tpardini@mofo.com

BENJAMIN J. FOX (CA SBN 193374)
RYAN J. MALLOY (CA SBN 253512)
SOO J. PARK (CA SBN 300988)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454
bfox@mofo.com; rmalloy@mofo.com;
spark@mofo.com

Attorneys for Plaintiff/Defendants
QUIBI HOLDINGS, LLC,
WNDRCO HOLDINGS, LLC,
JEFFREY KATZENBERG, CLIFTON L. SMITH,
JR., JOSEPH BURFITT, ROBERT A. POST, JR.,
ERIC BUEHL, and BLAKE BARNES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| QUIBI HOLDINGS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>INTERLUDE US, INC. d/b/a EKO; and JBF INTERLUDE 2009 LTD. – ISRAEL,<br><br>            Defendants, | Case No.:  2:20-CV-02250-CAS-SK<br><br>**AMENDED ANSWER TO EKO'S FOURTH AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:    Hon. Christina A. Snyder<br>Crtrm:    8D |

JBF INTERLUDE 2009 LTD and
INTERLUDE U.S., INC., d/b/a EKO,

               Plaintiffs,

     v.

QUIBI HOLDINGS, LLC, WNDRCO
HOLDINGS, LLC, CLIFTON L.
SMITH, JR., JOSEPH BURFITT,
ROBERT A. POST, JR., BLAKE
BARNES, ERIC BUEHL, AND
JEFFREY KATZENBERG,

               Defendants.

Case No.: 2:20-CV-02299-CAS-SK
(CONSOLIDATED)

Pursuant to Fed. R. Civ. P. 15(a)(1), Defendants Quibi Holdings, LLC ("Quibi"), WndrCo Holdings, LLC ("WndrCo"), Clifton L. Smith, Jr. ("Smith"), Joseph Burfitt ("Burfitt"), Robert A. Post, Jr. ("Post"), Blake Barnes ("Barnes"), Eric Buehl ("Buehl"), and Jeffrey Katzenberg ("Katzenberg") (collectively, "Defendants") amend their December 21, 2020 answer to the Fourth Amended Complaint of JBF Interlude 2009 Ltd. and Interlude U.S., Inc., d/b/a Eko (collectively, "Plaintiffs" or "Eko").

Defendants deny any allegations in the Fourth Amended Complaint not expressly admitted.  To the extent allegations in Paragraphs 1 to 62 are addressed by only a subset of Defendants, the remaining Defendants deny them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations.  With respect to Paragraphs 63 to 158 (Counts I–VIII), only those Defendants accused under a given Count respond to the allegations in that Count, as no response is required from the remaining Defendants.  To the extent allegations in Paragraphs 63 to 158 are addressed by only a subset of the accused Defendants, the remaining accused Defendants deny them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations.

## NATURE OF THE ACTION

1.      Defendants deny the allegations in Paragraph 1.

## THE PARTIES

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis deny these allegations.

3.      Defendants admit and aver that Quibi is a Delaware limited liability company with its principal place of business located at 6555 Barton Avenue, Los Angeles, California.  Defendants deny the remaining allegations in Paragraph 3.

4.      WndrCo and Katzenberg admit that WndrCo is a Delaware limited liability company.  WndrCo and Katzenberg also admit that WndrCo is a holding

company.  Defendants deny the remaining allegations in Paragraph 4.

5.     Smith and Quibi admit that Mr. Smith is an individual formerly employed by Quibi in Content and that he is a resident of this District.  Defendants deny any remaining allegations in Paragraph 5.

6.     Burfitt and Quibi admit that Mr. Burfitt is an individual formerly employed by Quibi holding the title of Product Manager and that he resides in this District.  Except as expressly admitted, Defendants deny the allegations in Paragraph 6.

7.     Post and Quibi admit that Mr. Post is an individual formerly employed by Quibi holding the title of Chief Technology Officer and that he resides in this District.  Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8.     Barnes and Quibi admit that Mr. Barnes is an individual previously employed by Quibi as Chief Product Officer and that he resides in California. Except as expressly admitted, Defendants deny the allegations in Paragraph 8.

9.     Buehl and Quibi admit that Eric Buehl is an individual employed by Quibi as Head of Engineering and that he resides in this District.  Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10.     Katzenberg and Quibi admit that Jeffrey Katzenberg is the founder of Quibi and that he resides in this District.  Except as expressly admitted, Defendants deny the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     Defendants admit that the complaint purports to allege claims for breach of implied contract, alleged misappropriation of trade secrets under 18 U.S.C. § 1836, *et seq*.; alleged patent infringement under 35 U.S.C. § 1, *et seq*.; alleged correction of inventorship under 35 U.S.C. § 256; and for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that subject matter jurisdiction exists.  Defendants deny that Eko has stated any claim entitling Eko to relief.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.     Katzenberg and WndrCo admit that the Court currently has supplemental jurisdiction over Eko's claim for breach of implied contract. Defendants deny that the claim has any merit whatsoever.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that Quibi is located in Los Angeles, California and that personal jurisdiction exists over Quibi.  Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.     Defendants admit and aver that WndrCo's headquarters are located in Los Angeles, California and that personal jurisdiction exists over WndrCo.  Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16.     Smith and Quibi admit that Smith resides in this District.  Burfitt and Quibi admit that Burfitt resides in this District.  Post and Quibi admit that Post resides in this District.  Buehl and Quibi admit that Buehl resides in this District. Katzenberg and Quibi admit that Katzenberg resides in this District.  Barnes and Quibi admit that Barnes resides in California and that he was previously employed by Quibi.  Defendants admit that Quibi's office is located in this District and that personal jurisdiction exists.  Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants admit that Quibi's office is located in Los Angeles, California and that venue is proper here.  Defendants deny the remaining allegations in Paragraph 17.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.     Defendants lack knowledge sufficient to form a belief as to the allegations in Paragraph 18 and therefore deny them.

19.     Defendants deny the averments in Paragraph 19.

20. Defendants lack knowledge sufficient to form a belief as to the allegations in Paragraph 20 and therefore deny them.

21. Defendants admit that the patents asserted in this lawsuit list JBF Interlude 2009 LTD as the assignee. Defendants lack knowledge sufficient to form a belief as to the remaining allegations in Paragraph 21 and therefore deny them.

22. Defendants admit that the '765 patent lists JBF Interlude 2009 LTD as the assignee, lists a title of "Systems and Methods for Adaptive and Responsive Video," and lists an issue date of October 29, 2019. Defendants further admit that the '765 patent lists application number 14/835,857 and a filing date of August 26, 2015. Defendants admit that Exhibit 1 of the complaint appears to be a copy of the '765 patent. Defendants lack knowledge sufficient to form a belief as to the remaining allegations in Paragraph 22 and therefore deny them.

23. Defendants admit that the '220 patent lists JBF Interlude 2009 LTD as the assignee, lists a title of "Systems and Methods for Loading More Than One Video Content at a Time," and lists an issue date of December 3, 2013. Defendants further admit that the '220 patent lists application number 13/437,164 and a filing date of April 2, 2012. Defendants admit that Exhibit 2 of the complaint appears to be a copy of the '220 patent. Defendants lack knowledge sufficient to form a belief as to the remaining allegations in Paragraph 23 and therefore deny them.

24. Defendants admit that the '066 patent lists JBF Interlude 2009 LTD as the assignee, lists a title of "System and Method for Synchronization of Selectably Presentable Media Streams," and lists an issue date of September 17, 2019. Defendants further admit that the '066 patent lists application number 14/984,821 and a filing date of December 30, 2015. Defendants admit that the '066 patent purports to be a continuation of U.S. patent application number 13/838,830. Defendants admit that Exhibit 3 of the complaint appears to be a copy of the '066 patent. Defendants lack knowledge sufficient to form a belief as to the remaining

4

1    allegations in Paragraph 24 and therefore deny them.

2       25.    Paragraph 25 is a characterization to which no response is required.

3    This Amended Answer also refers to the '765 patent, the '220 patent, and the '066

4    patent collectively as the "Patents in Suit."

5       26.    Defendants admit that smart phones and mobile devices are typically

6    rectangular in shape.  Defendants admit that these devices can be held in users'

7    hands in "portrait" orientation such that the longer sides are roughly upright,

8    perpendicular to the ground, and that they can be held in users' hands in

9    "landscape" orientation such that the longer sides are roughly parallel to the ground.

10   Defendants admit that "portrait" orientation is sometimes referred to as "vertical"

11   orientation and that "landscape" orientation is sometimes referred to as "horizontal"

12   orientation.  Defendants lack knowledge sufficient to form a belief as to the

13   remaining allegations in Paragraph 26 and therefore deny them.

14      27.    Defendants deny the averments in Paragraph 27.

15      28.    To the extent Eko purports to characterize the contents of the Patents

16   in Suit, Defendants refer Eko to the Patents in Suit for a complete statement of their

17   contents.  Defendants deny the factual allegations in Paragraph 28.

18      29.    Defendants deny that Eko maintains a trade secret covering an

19   "Optimized Real Time Switching" or "ORTS" method.  Defendants lack

20   knowledge sufficient to form a belief as to the remaining allegations in

21   Paragraph 29 and therefore deny them.

22      30.    Katzenberg admits that he participated in an informational meeting

23   with Yoni Bloch in March 2017 for Mr. Bloch to pitch for a potential investment in

24   Eko.  Defendants deny the remaining allegations in Paragraph 30.

25      31.    Katzenberg and WndrCo admit that Exhibit 4 appears to be a copy of

26   emails between Katzenberg and Bloch on March 22–23, 2017, and that the March

27   23, 2017 email from Bloch to Katzenberg copies "Team WndrCo".  Defendants

28   deny the remaining allegations in Paragraph 31.

32.     Katzenberg and WndrCo admit that the March 23, 2017 response from Bloch reflected in Exhibit 4 contained links to non-confidential materials. Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants admit that Katzenberg is the founder of Quibi.  Defendants admit that Exhibit 5 appears to be a copy of WCI One, LLC's Statement of Information dated July 23, 2018, filed with the California Secretary of State. Defendants deny the remaining allegations in Paragraph 33.

34.     Quibi, WndrCo, and Katzenberg admit that WndrCo invested in Quibi. Defendants deny the remaining allegations in Paragraph 34.

35.     Quibi and Katzenberg admit that Mr. Katzenberg wanted to develop a service that made content beautiful on mobile phones.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit that Eko purports to hold rights to the Patents in Suit.  Defendants deny the remaining allegations in Paragraph 36.

37.     Quibi and Smith admit that Mr. Smith met with Eko in February 2019 and discussed whether Eko had any ideas for shows it wished to pitch to Quibi. Defendants deny the remaining allegations in Paragraph 37.

38.     Quibi, Smith, and Burfitt admit that Messrs. Smith and Burfitt met with Eko in March 2019 at Eko's offices in New York and that Mr. Smith showed Eko a mobile phone demonstration that transitioned content from landscape to portrait orientation while maintaining use of the full screen.  Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants admit that Quibi promoted its Turnstyle feature during the January 8, 2020 keynote at the CES trade show in Las Vegas.  Defendants deny the remaining allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants admit that Smith and Burfitt previously worked for Snap, Inc.  Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 41 concerning the so-called "Snapchat NDA" and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 41.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis deny these allegations.

43.    Defendants Smith and Burfitt deny the allegations in Paragraph 43. The remaining defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis deny them.

44.    Defendants deny the allegations in Paragraph 44.

45.    Smith admits that he signed up for Eko's free and publicly available software tool known as "Treehouse" or "Eko Studio."  Defendants deny the remaining allegations in Paragraph 45.

46.    Quibi and Smith admit that Smith started working for Quibi on October 15, 2018.  Defendants deny the remaining allegations in Paragraph 46.

47.    Quibi and Post admit that Post started working for Quibi on September 10, 2018.  Defendants deny the remaining allegations in Paragraph 47.

48.    Quibi and Burfitt admit that Burfitt began working at Quibi on October 29, 2018.  Defendants deny the remaining allegations in Paragraph 48.

49.    Defendants deny the allegations in Paragraph 49.

50.    Defendants admit that a demonstration for Turnstyle was presented to Quibi's board of directors on November 8, 2018.  Defendants deny the remaining allegations in Paragraph 50.

51.    Defendants deny the allegations in Paragraph 51.

52.    Smith and Burfitt admit that they visited Eko's offices in March 2019 and that, as part of the standard check-in process to enter Eko's offices, they signed or initialed forms that they now understand included a form non-disclosure agreement.  Smith and Burfitt also admit that the form non-disclosure agreements signed or initialed at Eko's office appear to be attached as Exhibits 6–7 to the

complaint, to which these defendants refer for a complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 52.

53.    To the extent that Eko purports to characterize the contents of Exhibits 6 and 7, Defendants refer Eko to the documents for a complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54.

55.    Defendants admit that Quibi applied for and obtained a patent that issued as the '926 patent, and that a copy of Quibi's '926 patent is attached as Exhibit 8 to the complaint, to which Defendants refer for a complete statement of its contents.  Defendants deny the remaining allegations of Paragraph 55.

56.    Defendants admit that, as reflected in publicly available records on the USPTO website, Post, Barnes, Burfitt, Buehl, and Smith assigned their interests in the application that issued as the '926 patent to WCI One, LLC on or around July 16, 2019.  Defendants also admit that according to publicly available records on the USPTO website, WCI One, LLC assigned its interest in this application to Quibi Holdings, LLC on or around October 22, 2019.  Defendants deny the remaining allegations of Paragraph 56.

57.    Quibi admits that Exhibit 9 is a letter from Eko's counsel to Quibi dated January 28, 2020, to which Quibi refers for a complete statement of its contents.  Defendants also admit that Quibi's '926 patent issued on February 4, 2020, to which Quibi refers for a complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 57.

58.    Quibi admits that Exhibit 10 is a letter from Quibi's counsel to Eko's counsel, dated February 10, 2020, to which Quibi refers for a complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 58.

59.    Defendants deny the allegations in Paragraph 59.

60.    Quibi admits that Exhibit 11 is a letter from Eko's counsel to Quibi's counsel, dated March 6, 2020, to which Quibi refers for a complete statement of its

contents.  Quibi also admits that Quibi filed a declaratory judgment complaint against Eko.  Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants admit that Quibi's application and service launched on April 6, 2020.  Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants admit that Eko twice sought and failed to obtain a preliminary injunction in this litigation.  Defendants deny the remaining allegations in Paragraph 62.

## CAUSES OF ACTION
## COUNT I – ALLEGED BREACH OF IMPLIED CONTRACT
### *(Against Katzenberg and WndrCo)*

63.     Defendants incorporate by reference their responses to Paragraphs 1 to 62 as if set forth fully herein.

64.     Katzenberg admits that he participated in an informational meeting with Yoni Bloch on March 22, 2017, for Mr. Bloch to pitch for a potential investment in Eko.  Defendants deny the remaining allegations in Paragraph 64.

65.     Katzenberg admits that Exhibit 4 appears to be a copy of emails between Katzenberg and Bloch on March 22–23, 2017, to which Mr. Katzenberg refers for a complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Katzenberg admits that he appeared in a video interview for the Wall Street Journal, to which Mr. Katzenberg refers for a full statement of the video's contents.  Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Katzenberg and WndrCo admit that WndrCo invested in Quibi. Defendants deny the allegations in Paragraph 69.

**COUNT II – ALLEGED MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT ("DTSA")**

*(Against Quibi, Smith, and Burfitt)*

70.     Defendants incorporate by reference their responses to Paragraphs 1 to 62 as if set forth fully herein.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Smith, Burfitt, and Quibi admit that prior to joining Quibi, Smith and Burfitt were employed by Snap.  Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

**COUNT III – ALLEGED MISAPPROPRIATION OF TRADE SECRETS UNIDER THE CALIFORNIA UNIFORM TRADE SECRETS ACT**

*(Against Quibi, Smith, and Burfitt)*

84.     Defendants incorporate by reference their responses to Paragraphs 1 to 62 and Paragraphs 70 to 83 as if set forth fully herein.

85.     Defendants deny the allegations in Paragraph 85.

10

# COUNT IV – ALLEGED INFRINGEMENT OF
## U.S. PATENT NO. 10,460,765

*(Against Quibi)*

86.     Quibi incorporates by reference its responses to Paragraphs 1 to 62 and Paragraphs 70 to 85 as if set forth fully herein.

87.     Quibi denies the allegations in Paragraph 87.

88.     Quibi denies the allegations in Paragraph 88.

89.     To the extent Eko purports to cite language from the '765 patent, Quibi refers Eko to the '765 patent for a complete statement of its contents.  Quibi denies the remaining allegations in Paragraph 89.

90.     Quibi denies the allegations in Paragraph 90.

91.     Quibi denies the allegations in Paragraph 91.

92.     To the extent the complaint purports to describe statements made in the public keynote address at CES, Quibi refers Eko to the publicly available video cited in this paragraph for a complete statement of the video's contents.  Quibi denies the remaining allegations in Paragraph 92.

93.     To the extent the complaint relies upon third-party publications and news articles, Quibi responds that the articles speak for themselves and are not statements made by Quibi.  Quibi denies the remaining allegations in Paragraph 93.

94.     Quibi admits that the complaint appears to include a "screen capture" from a Twitter account for Quibi.  Quibi denies the remaining allegations in Paragraph 94.

95.     Quibi admits that it has described the operation of its app and service in court filings in this litigation, to which Quibi refers for a complete statement of their contents.  Quibi denies the remaining allegations in Paragraph 95.

96.     To the extent this paragraph purports to selectively quote language from the '765 patent, Quibi refers Eko to the '765 patent for a complete statement of its contents.  Quibi denies the remaining allegations in Paragraph 96.

97.     To the extent this paragraph purports to selectively quote language from the '765 patent, Quibi refers Eko to the'765 patent for a complete statement of its contents.  Quibi denies the remaining allegations in Paragraph 97.

98.     Quibi admits that its application and service launched on April 6, 2020, and included Quibi's Turnstyle feature, and that Quibi's app could be downloaded and run on mobile phones.  Quibi denies the remaining allegations in Paragraph 98.

99.     Quibi admits that its application and service launched on April 6, 2020, included Quibi's Turnstyle feature, and that Quibi's app could be downloaded and run on mobile phones.  Quibi denies the remaining allegations in Paragraph 99.

100.   Quibi denies the allegations in Paragraph 100.

101.   Quibi denies the allegations in Paragraph 101.

102.   Quibi denies the allegations in Paragraph 102.

103.   Quibi denies the allegations in Paragraph 103.

104.   Quibi denies the allegations in Paragraph 104.

105.   Quibi denies the allegations in Paragraph 105.

**COUNT V – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,600,220**

*(Against Quibi)*

106.   Quibi incorporates by reference its responses to Paragraphs 1 to 62 and Paragraphs 70 to 105 as if set forth fully herein.

107.   Quibi denies the allegations in Paragraph 107.

108.   Quibi denies the allegations in Paragraph 108.

109.   To the extent this paragraph purports to selectively quote language from the '220 patent, Quibi refers Eko to the '220 patent for a complete statement of its contents.  Quibi denies the remaining allegations in Paragraph 109.

110.   Quibi denies the allegations in Paragraph 110.

111.   Quibi admits that its application and service launched on April 6,

2020, and included Quibi's Turnstyle feature, and that Quibi's app could be downloaded and run on mobile phones.  Quibi denies the remaining allegations in Paragraph 111.

112.   Quibi admits that its application and service launched on April 6, 2020, and included Quibi's Turnstyle feature.  Quibi denies the remaining allegations in Paragraph 112.

113.   Quibi denies the allegations in Paragraph 113.

114.   Quibi denies the allegations in Paragraph 114.

115.   Quibi denies the allegations in Paragraph 115.

116.   Quibi admits that it received a letter from Eko on or about March 6, 2020, a draft or unsigned copy of which appears to be attached as Exhibit 11 to the complaint.  Quibi refers Eko to the March 6 letter for a complete statement of its contents.  Quibi denies the remaining allegations in Paragraph 116.

117.   Quibi denies the allegations in Paragraph 117.

118.   Quibi denies the allegations in Paragraph 118.

## COUNT VI – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,418,066

### *(Against Quibi)*

119.   Quibi incorporates by reference its responses to Paragraphs 1 to 62 and Paragraphs 70 to 118 as if set forth fully herein.

120.   Quibi denies the allegations in Paragraph 120.

121.   Quibi denies the allegations in Paragraph 121.

122.   To the extent this paragraph purports to selectively quote language from the '066 patent, Quibi refers Eko to the '066 patent for a complete statement of its contents.  Quibi denies the remaining allegations in Paragraph 122.

123.   Quibi denies the allegations in Paragraph 123.

124.   Quibi admits that the Quibi application launched on April 6, 2020 with the Turnstyle feature and that Quibi's app could be downloaded and run on mobile

phones.  Quibi denies the remaining allegations in Paragraph 124.

125.   Quibi admits that the Quibi application launched on April 6, 2020 with the Turnstyle feature.  Quibi denies the remaining allegations in Paragraph 125.

126.   Quibi denies the allegations in Paragraph 126.

127.   Quibi denies the allegations in Paragraph 127.

128.   Quibi denies the allegations in Paragraph 128.

129.   Quibi admits that it received a letter from Eko on or about March 6, 2020, a draft or unsigned copy of which appears to be attached as Exhibit 11 to the complaint.  Quibi refers Eko to the March 6 letter for a complete statement of its contents.  Quibi denies the remaining allegations in Paragraph 129.

130.   Quibi denies the allegations in Paragraph 130.

131.   Quibi denies the allegations in Paragraph 131.

**COUNT VII – ALLEGED CORRECTION OF INVENTORSHIP PURSUANT TO 35 U.S.C. § 256**

*(Against all Defendants except Katzenberg and WndrCo)*

132.   Defendants incorporate by reference their responses to Paragraphs 86–131 as if set forth fully herein.

133.   Defendants admit that a provisional application for Quibi's '926 patent was filed on March 11, 2019, that a nonprovisional application was filed on May 17, 2019, and that the '926 patent issued on February 4, 2020.  Defendants deny the remaining allegations in Paragraph 133.

134.   Defendants admit that the '926 patent is titled, "Media Content Presentation," names Quibi Holdings, LLC as assignee, and names Robert A. Post, Jr., Blake Barnes, Joseph Burfitt, Eric Buehl, and Clifton Smith as inventors.  Defendants deny the remaining allegations in Paragraph 134.

135.   Defendants deny the allegations in Paragraph 135.

136.   To the extent this paragraph purports to selectively quote or characterize the contents of the '765 patent and '926 patent, Defendants refer Eko

to the patents for a complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 136.

137.   To the extent this paragraph purports to selectively quote or characterize the contents of the '765 patent and '926 patent, Defendants refer Eko to the patents for a complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 137.

138.   To the extent this paragraph purports to selectively quote or characterize the contents of the '765 patent and '926 patent, Defendants refer Eko to the patents for a complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 138.

139.   To the extent this paragraph purports to selectively quote or characterize the contents of the '765 patent and '926 patent, Defendants refer Eko to the patents for a complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 139.

140.   Defendants admit that the face of the '926 patent does not cite any Eko patent.  Defendants deny the remaining allegations in Paragraph 140.

141.   Defendants deny the allegations in Paragraph 141.

142.   Defendants deny the allegations in Paragraph 142.

143.   Defendants deny the allegations in Paragraph 143.

144.   Defendants admit that Smith and Burfitt left Snap and joined Quibi before May 17, 2019.  Defendants deny the remaining allegations in Paragraph 144.

145.   Defendants deny the allegations in Paragraph 145.

146.   Defendants admit that the '926 patent identifies Quibi as assignee, and Messrs. Post, Barnes, Burfitt, Buehl, and Smith as inventors.  Quibi admits that it owns the '926 patent.  Defendants deny the remaining allegations in Paragraph 146.

147.   Defendants deny the allegations in Paragraph 147.

148.   Defendants deny the allegations in Paragraph 148.

149.   Defendants deny the allegations in Paragraph 149.

150.   Defendants deny the allegations in Paragraph 150.

151.   Defendants deny the allegations in Paragraph 151.

152.   Defendants deny that Eko is entitled to any relief whatsoever.

### COUNT VIII – FOR DECLARATORY JUDGMENT OF OWNERSHIP OF THE '926 PATENT

### *(Against Quibi)*

153.   Quibi incorporates by reference its responses to Paragraphs 1 to 62 and Paragraphs 70 to 152 as if set forth fully herein.

154.   Quibi denies the allegations in Paragraph 154.

155.   Quibi denies the allegations in Paragraph 155.

156.   Quibi denies the allegations in Paragraph 156.

157.   Quibi denies the allegations in Paragraph 157.

158.   Quibi denies the allegations in Paragraph 158.

### PRAYER FOR RELIEF

Defendants deny that Eko is entitled to any relief in this litigation, including Eko's requests in paragraphs (a) through (m) in its Prayer for Relief.

### AFFIRMATIVE DEFENSES

Without altering the applicable burdens of proof, Defendants set forth below their affirmative defenses followed by their separate and further defenses to the claims for relief averred in Eko's complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Copyright Preemption)

1.   Eko's claim for breach of implied contract is barred by the express preemption provision of the U.S. Copyright Act, 17 U.S.C. § 301, because it concerns the subject matter of copyright and does not require an extra element that transforms the nature of the action from one covered by copyright.  For example, Eko alleges that Mr. Bloch disclosed to Mr. Katzenberg a "sizzle" reel that presented a snippet of video showing a phone rotating orientation, which Quibi

allegedly incorporated in Turnstyle.  The sizzle reel is fixed in a tangible medium and within the subject matter of copyright.  Because Mr. Katzenberg and WndrCo never agreed that any information presented during or after the March 2017 meeting was confidential or could not be used, no extra element exists to transform the nature of the claim from a claim governed by the Copyright Act.  The other allegedly "non-public" ideas that Mr. Bloch alleges he discussed with Mr. Katzenberg (but which Eko does not allege Defendants used) were also fixed in a tangible medium in Eko's videos or the New Yorker article Mr. Bloch forwarded to Mr. Katzenberg.

## SECOND AFFIRMATIVE DEFENSE
### (CUTSA Preemption)

2.  Eko's claim for breach of implied contract against Katzenberg and WndrCo is superseded by the California Uniform Trade Secrets Act ("CUTSA").  For example, Eko alleges it disclosed to Mr. Katzenberg, and that he or WndrCo improperly used, non-public or confidential information to develop Turnstyle.  The implied contract claims arise from the same operative facts as Eko's CUTSA claim and the CUTSA claim preempts or supersedes Eko's implied contract claim.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3.  All claims of the '765, '066, and '220 patents are invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112, and/or under the doctrine of obviousness-type double patenting.  Quibi's invalidity contentions provide additional information as to invalidity.

## FOURTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

4.  The '220 patent is unenforceable due to fraud and inequitable conduct based on applicants' false and misleading misrepresentations and omissions to the PTO during prosecution, failure to identify material prior art to the PTO with

1  requisite deceptive intent, and failure to comply with the applicants' duty of candor

2  and good faith dealing with the PTO.

3    5.    The face of the '220 patent shows a filing date of April 2, 2012 and an

4  issue date of December 3, 2013.  The '220 patent lists application number

5  13/437,164 as the application that later issued as the '220 patent.  The '220 patent

6  lists Jonathan Bloch, Barak Feldman, Tal Zubalsky, and Kfir Y. Rotbard as

7  purported inventors.  These four individuals were also listed in connection with the

8  application that led to the '220 patent.  (Case No. 2299, Dkt. 356, Defendants'

9  Answer to Eko's Fourth Amended Complaint ("Answer"), Exhibit D ('220 Patent

10  Prosecution History), 2012-04-02 Specification at 1, 2012-05-07 Declaration at 1–

11  3.)  The '220 patent lists JBF Interlude 2009 LTD as assignee.

12    6.    HTTP Live Streaming ("HLS") is a form of adaptive bitrate streaming

13  developed by Apple that was well-known to those in the video streaming industry

14  before the priority date of the '220 patent.  (Answer, Exhibit A (Cover Pleading to

15  Quibi's Initial Invalidity Contentions), at 11.)  It was released at least as early as

16  May 2009.[1]  Because HLS is the required streaming format for iOS devices,[2] Apple

17  provides information about HLS in its developer guidelines, which are shared with

18  every registered Apple app developer and are also publicly available online.

19  (Answer, Exhibit A at 53.)  Numerous video streaming systems that were made,

20  used, and/or offered for sale in the United States before the priority date of the '220

21  patent used HLS—example systems include, but are not limited to, Netflix, Hulu,

22  ABC, and Roku.  (Answer, Exhibit A at 11–12.)  These systems, too, were

23  ubiquitously known and used throughout the country, and their use of HLS was

24  well-understood by those in the video streaming industry.

---

25

26    [1] *See* https://tools.ietf.org/html/draft-pantos-http-live-streaming-00.

27    [2] *See* http://www.priyaontech.com/2011/11/generating-http-live-streaming-content-for-ios-devices/; https://www.brightcove.com/en/blog/2012/01/encoding-settings-for-perfect-ipadiphone-video.

28

7.      The HLS standard and pre-April 2, 2012 systems practicing that standard render the asserted claims of the '220 patent anticipated and/or obvious, at least under the PTO's "broadest reasonable interpretation" standard for interpreting claims during prosecution.  This prior art is "but for" material to the patentability of the '220 patent.  Eko's infringement contentions for the '220 patent are based on Quibi's use of HLS, evidencing Eko's contention that the standard is material to the asserted claims.  This prior art is not cumulative of the art considered by the examiner during prosecution of the '220 patent.  The examiner did not file *any* rejections during prosecution, and dismissed the only reference cited on allowance in a single sentence.  (*See* Answer, Exhibit D, 2013-08-09 Notice of Allowance.)  The examiner did not consider the portions of the HLS standard that Eko relies on in its infringement contentions for the '220 patent.

8.      Exhibit B to Defendants' Answer (Case No. 2299, Dkt. 356) is a copy of Exhibit B-15 to Quibi's September 24, 2020 Initial Invalidity Contentions, which is a claim chart against the asserted claims of the '220 patent based on various systems that used HLS before the priority date of the '220 patent.

9.      Because the HLS standard and/or practicing prior art systems were ubiquitously known to those in the video streaming industry, it is at least reasonable to infer that one or more of the applicants for the '220 patent knew about this prior art before the '220 patent issued.  On information and belief, one or more of the applicants did, in fact, know about this prior art before the '220 patent issued. Exhibit C to Defendants' Answer (Case No. 2299, Dkt. 356) is a PDF copy of named inventor Kfir Rotbard's public LinkedIn profile.[3]  Mr. Rotbard's LinkedIn profile shows that, immediately before working on technical product development and QA at Interlude Ltd. (Eko) from July 2010 to April 2013, Mr. Rotbard worked

---

[3] Mr. Rotbard's LinkedIn profile can also be viewed at https://www.linkedin.com/in/kfir-rotbard-01ba1b3/?originalSubdomain=il.

for a company called Oberon Media where he was the director of mobile games production from December 2009 to July 2010.  (Answer, Exhibit C at 2–3.)  Mr. Rotbard's profile states that in this role he was "[r]esponsible for the production of the company's mobile and iPhone games," "worked on multiple game productions," and "managed 4 game production teams."  (Answer, Exhibit C at 3.)  Therefore, Mr. Rotbard almost certainly was aware of the HLS standard before the application that issued as the '220 patent was filed.

10.    None of the applicants disclosed the HLS standard or any HLS-based systems to the PTO before the '220 patent issued.  (*See generally* Answer, Exhibit D.)  Given the prominence and importance of the HLS standard in the field of video streaming, and because the claims of the '220 patent are clearly invalid under the interpretation of the claims that the applicants advance in this case, it is reasonable to infer that the applicants did not disclose this prior art because doing so would have induced the examiner to reject the claims of the '220 patent.

11.    The applicants' failure to bring this relevant and material prior art to the examiner's attention is a breach of the duty of candor and good faith before the PTO, which amounts to inequitable conduct.  Accordingly, the '220 patent is unenforceable.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

12.    The claims alleged in the Fourth Amended Complaint are barred by waiver.  For example, Eko waived its claims to an implied contract and for trade secret misappropriation by disclosing to Mr. Katzenberg in March 2017 its promotional "sizzle" reel and other concepts without a non-disclosure agreement or other expectation of confidentiality, and by disclosing publicly in its patent application that issued as the '765 patent the ideas that Eko alleges as its "non-public" information or claimed trade secret.

## FURTHER AND SEPARATE DEFENSES

Without altering the applicable burdens of proof, Defendants assert the following separate and further defenses to the claims averred in the Fourth Amended Complaint:

## FIRST FURTHER AND SEPARATE DEFENSE
### (Failure to State a Claim)

13.    The Fourth Amended Complaint and each claim for relief contained therein fails to state a claim against Defendants upon which relief can be granted.

## SECOND FURTHER AND SEPARATE DEFENSE
### (Non-Infringement)

14.    Quibi does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '765, '066, and '220 patents, either literally or under the doctrine of equivalents, willfully or otherwise.  The Court's order dated December 30, 2020, which denied Eko's motion for a preliminary injunction, found that "Eko has not shown it will more likely than not succeed on its infringement claims" for each of Eko's three asserted patents, explaining the problems with Eko's infringement case.  (Dkt. 409, PI Order at 15.) In Defendants' opposition to Eko's TRO application and motion for preliminary injunction, Defendants stated multiple additional reasons why Quibi does not infringe the patents-in-suit.  (Dkt. 259 [Quibi's Opposition], Dkt. 259-1 [Williams Declaration], Dkt. 327 [Quibi's Sur-Reply].)  The filings referenced here are for illustrative purposes only and to put Eko on notice of why Quibi does not infringe, but do not contain an exhaustive list of non-infringement arguments.

## THIRD FURTHER AND SEPARATE DEFENSE
### (No Viable *Desny* Claim)

15.    Eko cannot prove facts to satisfy the elements of a claim for breach of implied contract as described in *Desny v. Wilder*, 46 Cal. 2d 715 (1956) and the cases that have followed it, including that Mr. Bloch "clearly conditioned [an] offer

1   to convey [an] idea upon an obligation to pay for it," and that Mr. Katzenberg
2   "kn[ew] the condition[s] before he knows the idea" and then "voluntarily accept[ed]
3   its disclosure."

4                    **FOURTH FURTHER AND SEPARATE DEFENSE**
5                                **(No Trade Secret)**

6          16.    Eko cannot establish that the information it alleges to be a trade secret
7   is a specific or cognizable trade secret.

8                      **FIFTH FURTHER AND SEPARATE DEFENSE**
9   **(Failure to Take Reasonable Measures to Protect Alleged Trade Secret)**

10         17.    Eko's claims for misappropriation of trade secrets are barred because
11  the alleged trade secret was not the subject of efforts by Eko that are reasonable
12  under the circumstances to maintain its secrecy.

13                     **SIXTH FURTHER AND SEPARATE DEFENSE**
14                            **(No Improper Acquisition)**

15         18.    Eko's claims for misappropriation of trade secrets are barred because
16  the alleged trade secret was neither acquired by Defendants Quibi, Mr. Smith, or
17  Mr. Burfitt under circumstances giving rise to a duty to maintain its secrecy or limit
18  its use, nor derived by Defendants Quibi, Mr. Smith, or Mr. Burfitt from a person
19  who owed such a duty to Eko.

20                   **SEVENTH FURTHER AND SEPARATE DEFENSE**
21                  **(No Trade Secret — Readily Ascertainable)**

22         19.    Eko's claims for misappropriation of trade secrets are barred because
23  the alleged trade secret is not a trade secret, but rather was readily ascertainable by
24  persons of ordinary skill in the pertinent art(s).

25
26
27
28

## EIGHTH FURTHER AND SEPARATE DEFENSE
### (No Misappropriation — Independent Development)

20.     Eko's claims for misappropriation of trade secrets are barred because Quibi's accused technology was not misappropriated, but in fact was independently developed by Quibi.

## NINTH FURTHER AND SEPARATE DEFENSE
### (No Misappropriation — Independently Available)

21.     Eko's claims for misappropriation of trade secrets are barred, in whole or in part, because the alleged trade secret was known to Defendants from publicly available sources and/or was already independently known to Defendants, as Eko's alleged trade secret does not differ from information that is publicly available and within the knowledge of individuals working in video streaming.

## TENTH FURTHER AND SEPARATE DEFENSE
### (Non-infringing Alternatives)

22.     Any claim by Eko for damages is negated by the existence of non-infringing alternatives to the Patents in Suit.  Defendants will identify non-infringing alternatives following claim construction and in connection with damage-related disclosures.

## ELEVENTH FURTHER AND SEPARATE DEFENSE
### (Limitation on Recovery of Costs)

23.     Eko is precluded from recovering their costs under 35 U.S.C. § 288.

## TWELFTH FURTHER AND SEPARATE DEFENSE
### (Limitation on Damages)

24.     Upon information and belief, Eko's claims for relief and prayer for damages are limited under 35 U.S.C. § 287.

**THIRTEENTH FURTHER AND SEPARATE DEFENSE**

**(No Incorrect Inventorship)**

25.     Eko cannot establish that Quibi's '926 patent named the wrong inventors and/or omitted inventors.

**FOURTEENTH FURTHER AND SEPARATE DEFENSE**

**(Adequate Remedy at Law)**

26.     Eko has an adequate remedy at law, and no basis exists for the grant of equitable relief.

**FIFTEENTH FURTHER AND SEPARATE DEFENSE**

**(No Entitlement to Injunctive Relief)**

27.     Eko is not entitled to injunctive relief for misappropriation of trade secret or alleged infringement because any alleged injury to Eko is not immediate or irreparable, the balance of hardships does not favor Eko, and an injunction would not serve the public interest.

**SIXTEENTH FURTHER AND SEPARATE DEFENSE**

**(Estoppel)**

28.     Eko's claims against Quibi are barred, in whole or in part, by the doctrine of prosecution history estoppel arising from the patentee's actions, representations, and conduct before the United States Patent and Trademark Office (the "PTO") during prosecution of the Patents in Suit.  With respect to the '765, '066, and '220 patents, the applicants filed amendments canceling and/or amending one or more claims, thereby representing to the Examiner that the applicants no longer sought patent protection for the additional subject matter covered by the original scope of the claims.  With respect to the '765 and '066 patents, the applicants also filed arguments and other remarks after the examiner issued rejections, in which applicants made representations to the examiner as to the proper scope of the claims and the difference between the claimed subject matter and subject matter in the prior art.  As just one example, Eko argued during

prosecution that the '765 patent required switching between two separate video presentations and did not cover switching between regions within a single video presentation in order to overcome the Kasai reference.  (*See* December 30, 2020 Order at 16–19.)  These statements estop Eko from asserting the '765 patent against Quibi's Turnstyle feature, which switches between regions of a single video presentation.  (*Id.* at 16–19, 33.)  Eko is barred through prosecution history estoppel from asserting any theory of patent infringement that rests on claim interpretations that were disclaimed or narrowed out of scope during prosecution.

## OTHER DEFENSES

29.   Defendants specifically reserve the right to assert any and all affirmative and further defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or equity, that may now exist or that may become available through information developed in discovery, at trial, or otherwise.

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

WHEREFORE, Defendants pray for judgment against Eko as follows:

a.   That Eko take nothing by its suit and that judgment be entered in favor of Defendants;

b.   Denying any request by Eko for injunctive relief;

c.   Awarding Defendants their attorney's fees and costs incurred in responding to Eko's bad faith allegations of trade secret misappropriation pursuant to 18 U.S.C. § 1836(b)(3)(D) and Cal. Civ. Code § 3426.4;

d.   Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Quibi its costs and reasonable attorney fees; and

e.   Awarding Defendants such further relief as the Court deems fair and proper.

1   Dated:   January 11, 2021            MORRISON & FOERSTER LLP

2

3                                         By:    /s/ *Michael A. Jacobs*

4                                                Michael A. Jacobs

5                                         Attorneys for Plaintiff/Defendants
                                          QUIBI HOLDINGS, LLC,
6                                         WNDRCO HOLDINGS, LLC,
                                          JEFFREY KATZENBERG,
7                                         CLIFTON L. SMITH, JR.,
                                          JOSEPH BURFITT, ROBERT A. POST,
8                                         JR., ERIC BUEHL, and
                                          BLAKE BARNES

9   sf-4404331

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28