UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                       'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
|  | 2:20-CV-02250-CAS (SKx) |  |  |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. |  |  |
|  | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. |  |  |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Elizabeth Low | Michael Jacobs |
| Darryl Woo | Benjamin Fox |
|  | Soo Park |
|  | Andrea Scripa |

**Proceedings:**  TELEPHONE HEARING RE: EKO'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES OF COPYRIGHT PREEMPTION, CUTSA PREEMPTION, AND INEQUITABLE CONDUCT (Case No. 2:20-cv-02299 ECF No. 455; Case No. 2:20-cv-02250 ECF No. 298; filed March 12, 2021)

## I.   INTRODUCTION

Before the Court is Eko's motion to strike the affirmative defenses of copyright preemption, California Uniform Trade Secrets Act ("CUTSA") preemption, and inequitable conduct asserted by defendants Quibi Holdings, LLC, WnderCo Holdings, LLC, QBI Holdings, LLC, New QBI, LLC, Clifton L. Smith, Jr., Joseph Burfitt, Robert A. Post, Jr. Blake Barnes, Eric Buehl, and Jeffrey Katzenberg (collectively, "Quibi") answer to Eko's fifth amended complaint. Case No. 2299 ("Eko ECF") No. 455.[1] The procedural and factual background of this dispute is set out in the Court's July 28, 2020, October 19, 2020, and December 30, 2020 Orders.  See generally Eko ECF Nos. 201-201-2, 232, 418 (redacted), 202-202-2, 234, 409 (sealed).  Accordingly, the Court recites only those facts necessary to resolve Eko's present motion.

Quibi filed the first-filed action on March 9, 2020, Case No. 2250 ("Quibi ECF") No. 1, and its operative first amended complaint on May 12, 2020.  Quibi ECF No. 25 ("Quibi FAC").  Eko filed a separate action against Quibi on March 10, 2020. Eko ECF No. 1.  Eko's operative fifth amended complaint, filed January 28, 2021, asserts eight

---

[1] Because these actions have been consolidated by the Court for pre-trial purposes only, this order cites to documents as filed on the Eko ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                 'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

claims for relief: (1) breach of implied contract for idea submission under California law; (2) misappropriation of trade secrets pursuant to the federal Defend Trade Secrets Act; (3) misappropriation of trade secrets pursuant to the California Uniform Trade Secrets Act; (4) infringement of U.S. Patent No. 10,460,765 ("the '765 patent"); (5) infringement of U.S. Patent No. 8,600,220 ("the '220 patent"); (6) infringement of U.S. Patent No. 10,418,066 ("the '066 patent"); (7) correction of inventorship as to U.S. Patent No. 10,554,926 ("the '926 patent"); and (8) declaratory judgment as to ownership of the '926 patent. See generally Eko ECF No. 425 (redacted); Eko ECF No. 432 (sealed) ("Eko 5AC"). The gravamen of the parties' dispute is ownership and use of technology used to stream interactive video through mobile devices, like smartphones and tablets, in different visual orientations simultaneously.

On February 19, 2021, Quibi filed an answer to Eko's fifth amended complaint. Eko ECF No. 438 ("Answ."). Quibi asserts the following affirmative defenses: (1) copyright preemption; (2) CUTSA preemption; (3) invalidity; (4) inequitable conduct; and (5) waiver. See generally Id.

On March 12, 2021 Eko filed the instant motion to strike Quibi's copyright preemption, CUTSA preemption, and inequitable conduct affirmative defenses. Eko ECF No. 455-1 ("Mot"). On March 22, 2021, Quibi filed an opposition. Eko ECF No. 464 (redacted); 473 (sealed) ("Opp'n"). Eko filed a reply on March 29, 2021. Eko ECF No. 477 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

At issue here are Quibi's first, second, and fourth affirmative defenses to Eko's fifth amended complaint. See Answ. at 19-22. Quibi bases those affirmative defenses on the following facts.

### A. Preemption

Quibi's first and second affirmative defenses assert, respectively, that Eko's California implied contract claim against Katzenberg and WndrCo is preempted by federal copyright law and the CUTSA. See 5AC ¶¶ 69-76. Quibi's answer alleges that the "sizzle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                       'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
|  | 2:20-CV-02250-CAS (SKx) |  |  |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. |  |  |
|  | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. |  |  |

reel" that Eko's CEO allegedly disclosed to Katzenberg during or after their meeting held in March 2017 is "fixed in a tangible medium and within the subject matter of copyright." Answ. at 19. Quibi further alleges that Katzenberg and WndrCo did not agree that any information presented during the meeting was confidential and had "no advance notice, understanding, or expectation that they would be obligated to pay" for the information conveyed, such that an "extra element exists to transform the nature of the claim from a claim governed by the Copyright Act." Id. Quibi likewise alleges that the implied contract claim is based on Eko's alleged disclosure of "non-public or confidential information" that Katzenburg and WndrCo then "used […] to develop Turnstyle" and, as such, is preempted by the CUSTA. Id. at 20.

### B. Inequitable conduct

With respect to its fourth affirmative defense, Quibi alleges that JBF Interlude 2009 LTD (Eko) is the assignee of the '220 patent, which carries a filing date of April 2, 2012 and an issue date of December 3, 2013. Id. at 20-21. The '220 patent lists Jonathan Block, Barak Feldman, Tal Zubalsky, and Kfir Y. Rotbard as inventors. Id.

Quibi alleges that HTTP Live Streaming ("HLS") is an adaptive bitrate streaming technology developed by Apple that was released in May 2009 and was "well known" to those working in the video streaming industry as of April 2, 2012 '220 patent's priority date. Id. HLS is the required streaming format for devices running Apple iOS and, as such, Apple publicly publishes information about HLS in its developer guidelines. Id. Quibi alleges that a number of "ubiquitously known" video services implemented HLS prior to the '220 patent priority date, including "Netflix, Hulu, ABC, and Roku." Id. Quibi avers that those services' use of HLS was "well understood by those in the video streaming industry." Id.

As such, Quibi alleges that the HLS standard and pre-April 2, 2012 implementations of HLS are "but-for" prior art material that "render[s] the asserted claims of the '220 patent anticipated and/or obvious" within the standard applied by the PTO during prosecution. Id. Quibi alleges that this prior art was not disclosed by any of the applicants during the '220 patent prosecution and is "not cumulative of the art considered by the examiner during prosecution." Id. at 22-3. Quibi further alleges that PTO "examiner did not consider the portions of the HLS standard that Eko relies on in its infringement contentions for the '220 patent." Id. Quibi's answer incorporates by reference Exhibit B-15 to Quibi's September

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                                  'O'

| Case No. | 2:20-CV-02299-CAS (SKx)<br>2:20-CV-02250-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL.<br>QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

24, 2020 Initial invalidity contentions, a claim chart that allegedly demonstrates that HLS "discloses and/or renders obvious some or all of claims 1, 2, 5-14, 17-21" of the '220 patent" because of the "various systems that used HLS before the priority date." Id.; see also Eko ECF No. 356 ("Claim Chart").

Quibi alleges that named inventor Kfir Rotbard "did, in fact, know" about the HLS standard before the '220 patent issued through his work for Oberon Media, a company where "he was the director of mobile games production from December 2009 to July 2010," immediately before he began work on technical product development and quality assurance at Eko. Answ. at 22. The answer alleges, based on Rotbard's public LinkedIn profile, that Rotbard's role at Oberon Media included responsibility for production of mobile games, including the company's iPhone games, and therefore that Rotbard "almost certainly was aware of the HLS standard before the application that issued as the '220 patent was filed." Id. at 22-23. Quibi further alleges that "the HLS standard and/or practicing prior art systems were ubiquitously known to those in the video streaming industry," such that it is reasonable to infer that the applicants for the '220 patent were aware of HLS as prior art before the patent issued. Id. at 22.

As such, Quibi alleges that "given the prominence and importance of the HLS standard in the field of video streaming" and its allegations that the '220 patent is "clearly invalid" due to HLS under Eko's interpretation of the claims, "it is reasonable to infer that the applicants did not disclose this prior art because doing so would have induced the examiner to reject the claims of the '220 patent," which constitutes inequitable conduct. Id. at 23. Eko now moves to strike this affirmative defense, arguing that Quibi fails to plead inequitable conduct with the requisite particularity. Mot. at 2.

### III.   LEGAL STANDARDS

#### C. Rule 12(f)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979). To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the

Case 2:20-cv-02299-CAS-SK   Document 495   Filed 04/12/21   Page 5 of 13   Page ID #:22484

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                              'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| | 2:20-CV-02250-CAS (SKx) | | |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. | | |
| | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

affirmative defense." See, e.g., Vogel v. Linden Optometry APC, No. 2:13-cv-00295-GAF-SH, 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). A matter is "immaterial" within the meaning of Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being plead," and "impertinent" matters are "statements that do not pertain, and are not necessary, to the issues in question." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (internal citations omitted). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "However, motions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits." Harbor Breeze Com. v. Newport Landing Sportfishing, Inc., No. 8:17-cv-01613-CJC-DFM, 2018 WL 4944224, at *1 (C.D. Cal. Mar. 9, 2018). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

### D. Inequitable Conduct

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent. This judge-made doctrine evolved from a trio of Supreme Court cases that applied the doctrine of unclean hands to dismiss patent cases involving egregious misconduct[.]" Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011). "An inequitable conduct defense asserts that a patentee misrepresented or omitted material information with the intent to deceive the United States Patent Office ... to issue a patent." Cheng v. AIM Sports, Inc., No. 2:10-cv-03814-PSGPLA, 2012 WL 12953831, at *1 (C.D. Cal. May 14, 2012). "Having been described as "the 'atomic bomb' of patent law," inequitable conduct is a "common litigation tactic" that is "routinely brought on 'the slenderest grounds.'" Seville Classics, Inc. v. Neatfreak Grp., Inc., No. CV1506237SJOASX, 2016 WL 6661176, at *2 (C.D. Cal. Apr. 1, 2016).

Federal Circuit law governs analysis of "[w]hether inequitable conduct has been adequately pled" on a motion to strike. Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007). To state a claim for inequitable conduct, a party must allege that "(1) an individual associated with the filing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                      'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
|  | 2:20-CV-02250-CAS (SKx) |  |  |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. | | |
|  | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009) (internal citation omitted). An affirmative defense of inequitable conduct must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b), which requires that the pleadings identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Id. The requisite "knowledge of the material information" and intent to deceive "may be averred generally" provided that "the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Id.; see also Illumina Inc. v. BGI Genomics Co., No. 20-CV-01465-WHO, 2021 WL 428632, at *2 (N.D. Cal. Feb. 8, 2021) ("at the pleading stage, an inference of deceptive intent must be reasonable and drawn from the allegations of underlying fact.").

## IV. DISCUSSION

### A. Copyright and CUTSA Preemption

Eko moves to strike Quibi's first and second affirmative defenses, for copyright preemption and CUTSA preemption, on the grounds that each of those defenses are "insufficient as a matter of law." Mot. at 7. Eko contends that the copyright and CUTSA defenses "distort [E]ko's [implied contract] claims as based upon the "sizzle reel" video and [E]ko's ORTS trade secret" and "fly in the face of well-settled Ninth Circuit case law and the plain language of the CUTSA statute." Id.

"Neither the United States Supreme Court nor the Ninth Circuit has determined what standard should be used to determine the sufficiency of a defendant's affirmatives defenses, and accordingly, there has been significant disagreement amongst federal district courts within this Circuit." Schwarz v. Meinberg, No. 2:13-cv-00356-BRO-PLA, 2016 WL 4011716, at *3 (C.D. Cal. July 15, 2016). "Within this district, the majority of courts to address the issue have applied the fair notice standard." See id. (collecting cases). "The standard only necessitates describing the defense in 'general terms,' and 'a detailed statement of facts is not required.'" Rosen v. Masterpiece Mktg. Grp., LLC, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-02299-CAS (SKx)<br>2:20-CV-02250-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL.<br>QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Here, Eko contends that Quibi's copyright and CUTSA preemption defenses each fail because Eko's *Desny* claim is not susceptible to preemption "as a matter of law." Mot. at 8. Eko argues that Quibi's asserted defenses are, in essence, an attempt to "manufacture preemption by disputing [E]ko's *Desny* claim allegation." Id. at 9. Eko then proceeds to attack the legal merits of each defense in detail. See Mot. at 7-10; Reply at 8-11. Eko's arguments regarding the merits of each affirmative defense demonstrate that Eko has "fair notice" of "all that is required." See Goldsby v. City of Henderson Police Dep't, No. 2:18-cv-01912-GMN-VCF, 2019 WL 5963996, at *3 (D. Nev. Nov. 13, 2019) ("Plaintiff asks the Court to strike ... defendants' affirmative defenses: for each affirmative defense, he argues the facts of his case to show why each defense will ultimately fail. Plaintiff's detailed factual arguments regarding each affirmative defense illustrates that plaintiff has fair notice of each defense, as required by Rule 8(c)."); accord Hope Med. Enterprises, Inc. v. Fagron Compounding Servs., LLC, No. 2:19-cv-07748-CAS-PLAx, 2020 WL 227869, at *3 (C.D. Cal. Jan. 13, 2020).

Accordingly, the Court **DENIES** Eko's motion to strike Quibi's first and second affirmative defenses as legally insufficient.

### B. Inequitable Conduct

Eko moves to strike Quibi's fourth affirmative defense for inequitable conduct, arguing that Quibi fails to plead the defense with the requisite particularity because: (1) Quibi fails to adequately plead facts to "demonstrate that HLS was but-for material to the issuance of the '220 patent," and (2) Quibi fails to plead facts showing that "the '220 patent applicants knew of HLS and its materiality" and withheld it with specific intent to deceive. Mot. at 5-7. The Court addresses each argument in turn.

#### a. Materiality

"[T]he materiality required to establish inequitable conduct" on the merits "is but-for materiality." Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1291 (Fed. Cir. 2011). As such, to prevail on an affirmative defense of inequitable misconduct, a defendant "must ultimately prove that but-for the applicant's misrepresentation or omission, the PTO would not have approved the patent." Targus Int'l LLC v. Everki USA, Inc, No. 820CV00641JLSDFM, 2020 WL 7379384, at *3 (C.D. Cal. Nov. 3, 2020). Here, Quibi contends that it has sufficiently alleged that the HLS standard is "but-for material"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                   'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
|  | 2:20-CV-02250-CAS (SKx) |  |  |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. |  |  |
|  | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. |  |  |

to the '220 patent application because "the HLS standard and pre-April 2, 2012 systems practicing that standard render the asserted claims of the '220 patent anticipated or obvious" under the "broadest reasonable interpretation" standard applied by the PTO during prosecution. Opp'n at 4. Eko contends that Quibi's allegations regarding materiality are insufficient, both because the Quibi's claim chart refers to HLS in the context of multiple other prior art references, Mot. at 5, and because "Quibi does not attach the invalidity chart to its operative Answer," in violation of Civil Local Rule 15-2. See Reply at 2.

As an initial matter, the Court addresses Eko's contention that Quibi's incorporation by reference of the claim chart is improper pursuant to L.R. 15-2 because "Quibi does not attach the invalidity chart to its operative answer," which it argues is contrary to the requirement that: "[e]very amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits [and] shall not refer to the prior, superseded pleading." See Mot. at 5, n. 3; Reply at 2-3. The Court admonishes Quibi to comply diligently with the Local Rules in the future. The Court notes, however, that if it were inclined to base an order striking Quibi's fourth affirmative defense on Quibi's failure to attach the claim chart to its answer to the fifth amended complaint, it would do so with leave to amend. Accordingly, the Court considers the invalidity contentions alleged in the claim chart here. See e.g. Ringo v. Barber, No. CV 15-771-JFW (AGR), 2015 WL 9165656, at *2 (C.D. Cal. Nov. 12, 2015), report and recommendation adopted, No. CV 15-771-JFW (AGR), 2015 WL 9093197 (C.D. Cal. Dec. 16, 2015) ("despite the SAC's shortcoming in" complying with L.R. 15-2, "this Report looks back to exhibits attached to prior versions of the complaint when necessary").

Quibi alleges that the existence and ubiquity of the HLS standard prior to April 2, 2012 render the '220 patent anticipated or obvious and, as such, would have caused the PTO to deny the patent application had the HLS standard been disclosed. Answ. 21-22. The answer alleges that HLS's materiality is demonstrated because "Eko's infringement contentions for the '220 patent are based on Quibi's use of HLS" and further cites to the claim chart to allege that HLS, alone or in combination with other references, "discloses and or renders obvious some or all of claims 1, 2, 5-14, 17-21" of the '220 patent. Answ. at 22; see generally Claim Chart. The claim chart provides detailed invalidity contentions explaining why each claim it addresses was obvious as of the priority date of the '220 patent. For example, with respect to Claim 2, which discloses, in part, "a collection of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| | 2:20-CV-02250-CAS (SKx) | | |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. | | |
| | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

segments [that] is organized according to a tree structure comprising decision points," the claim chart explains, with reference to diagrams, that the HLS standard employs a tree structure with "each branch representing a set of "Alternate" streaming segments" and may allow video clients to which between files downloaded in parallel.[2] See Claim Chart at 38-39.  Such allegations contained in a claim chart are sufficient to demonstrate the materiality of prior art references at the pleadings stage.  See e.g. Avocent Huntsville, LLC v. ZPE Sys., Inc., No. 3:17-CV-04319-WHO, 2018 WL 4859527, at *9 (N.D. Cal. July 23, 2018) (finding allegations of materiality sufficient where counterclaimant "incorporate[ed] by reference its Rule 3-3 Invalidity Contentions into its Amended Counterclaims" thereby "identify[ing] the claims, the limitations in those claims, and the information in the prior art references" that the PTO would have evaluated); Ameranth, Inc. v. GrubHub, Inc., No. 12-CV-739 JLS (NLS), 2012 WL 12847584, at *3 (S.D. Cal. Oct. 4, 2012) (accepting a "chart of invalidity contentions [as] sufficient to allege why the withheld information is material and not cumulative").  As such, the Court concludes that Quibi sufficiently alleges that the HLS standard was but-for material to the patentability of the '220 patent.

   **b. Knowledge**

Quibi's allegations are sufficient to support a plausible inference that at least Rotbard, a named inventor, had knowledge of HLS during the period when he owed the PTO a duty to disclose information that may be material to patentability.[3] See 37 C.F.R. §

---

[2] Eko argues that Quibi's but-for materiality theory "rests on an invalidity theory that the Court has already called 'implausible'" in ruling on Eko's motion for a preliminary injunction. Mot. at 3-4. However, the Court notes that the preliminary analysis reflected in its preliminary injunction order tends to support Quibi's position that HLS would have been but-for material to the PTO: "If Eko's infringement theories fail because Quibi's use of long-available streaming technology cannot support infringement, the PTO would not have issued patents claiming mere use of DASH or HLS." See Dkt. 409 (sealed).

[3] In its opposition, Quibi also argues extensively that inventor Yoni Bloch's recent deposition testimony demonstrates that Bloch knew of the HLS standard during the application period and references other documents and expert testimony.  See generally Opp'n.  Because the Court may not consider deposition testimony or other extrinsic evidence in ruling on a Rule 12(f) motion to strike, it disregards Quibi's arguments to the extent that they rely on those materials.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| | 2:20-CV-02250-CAS (SKx) | | |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. | | |
| | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

1.56(a) (duty to disclose exists throughout the period when the patent application is pending).

Here, Rotbard owed a duty to disclose material information between the filing date of April 2, 2012 and the issue date of December 3, 2013. Quibi's factual allegations support a plausible inference that Rotbard was familiar with the HLS standard and knew that it was material to the claims of the '220 patent during that period. Quibi alleges that "HLS is the required streaming format for [Apple] iOS devices" and—in addition to publishing HLS online—Apple publishes information about HLS in its developer guidelines, which "are shared with every registered Apple app developer." Answ. at 21. Quibi further alleges that HLS was "ubiquitous" and "well understood" within the video streaming industry "before the priority date of the '220 patent" because in addition to its iOS applications, it was used by video streaming services including Netflix, Hulu, ABC, and Roku. Id. Quibi alleges that Rotbard, in particular, was "almost certainly aware of the HLS standard before the application that issued the '220 patent was filed" because he worked in iOS app development—and thus would have received HLS guidance from Apple—prior to joining Eko. Specifically, Quibi alleges that from at least December 2009 through July 2010, Rotbard was employed as a "director of mobile games production" at Oberon Media, where he was responsible for a portfolio that included "production of the company's mobile and iPhone games." Id. at 22. The Court finds those allegations sufficient to support a reasonable inference that Rotbard was familiar with HLS, the required standard for video streaming in iOS applications, due to his work in developing gaming applications designed to run on the iOS platform.

As such, because, under Rule 9(b), "the pleading party may allege knowledge generally," the Court concludes that Quibi has sufficiently pled Rotbard's knowledge of the HLS standard at the relevant time period.[4] See Hangzhou Chic Intelligent Tech. Co.,

---

[4] At oral argument, Eko relied on Bal Seal Eng'g, Inc. v. Nelson Prod., Inc. for the proposition that an accused infringer must plead facts specifically demonstrating that the patent applicant knew that withheld prior art was material to state a claim for inequitable conduct. See No. 8:13-CV-1880-JLS (KESx), 2016 WL 11518601 (C.D. Cal. Sept. 8, 2016) (finding allegations that "Bal Seal knew of material references and did not disclose them," without more, insufficient to raise a reasonable inference of specific intent to deceive). Eko argued that Bal Seal demonstrates that the Federal Circuit's holding in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:20-CV-02299-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
|  | 2:20-CV-02250-CAS (SKx) |  |  |
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. | | |
|  | QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

Ltd., v. Razor USA LLC, No. 2:16-cv-06359-RGK (AJWx), 2016 WL 10518582, at *5 (C.D. Cal. Dec. 19, 2016).

### c. Specific intent to deceive the PTO

Likewise, the Court finds that Quibi has made "sufficient allegations of underlying facts from which [the Court] may reasonably infer" that at least Rotbard withheld the HLS reference from the '220 patent application with "specific intent to deceive the PTO." Exergen, 575 F.3d at 1328.

Eko argues that Quibi's allegations regarding specific intent to deceive are inadequate because Quibi's answer does not "demonstrate[] that 'deceptive intent was the *single most* reasonable inference to be drawn" from the facts alleged. Mot. at 7 (quoting Philips N. Am. LLC v. Garmin Int'l, Inc., No. CV 19-06301-AB (KSX), 2020 WL 6064006, at *3 (C.D. Cal. Aug. 26, 2020) (denying leave to amend to add inequitable conduct defense as "futile") (emphasis in original)); see also Reply at 5. In so arguing, however, Eko misapprehends the standard that applies on a Rule 12(f) motion to strike. As a number of other Courts in this district have recognized, "the 'single most reasonable inference' standard governs what needs to be shown to **prevail** [on the merits of] an

Therasense that, on the merits, a party pursuing an inequitable conduct claim must "prove by clear and convincing evidence that the applicant knew of the reference, knew that it is material, and made a deliberate decision to withhold it" imposes a heightened pleading requirement. See 649 F.3d 1276. That argument overreads Bal Seal, which recognizes that "knowledge may be averred generally" provided that the accused infringer alleges "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." 2016 WL 11518601 at *4 (quoting Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009)). Here, the Court finds that Quibi has made allegations that Rotbard knew of HLS and that HLS was material prior art that are sufficient to support a plausible inference that he acted with the requisite state of mind (i.e. that Rotbard withheld HLS from the patent office due to its materiality). To the extent that Eko contends that more is required at the pleading stage, the Court disagrees. See Hangzhou, 2016 WL 10518582, at *5 (C.D. Cal. Dec. 19, 2016) (applying Exergen to find inequitable conduct allegations sufficient even where "an inference that [the applicant] believed the [prior art] was cumulative" was "also plausible" based on the facts alleged.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

inequitable conduct claim, not what is needed to survive a Rule 12 motion." Seville Classics, Inc. v. Neatfreak Grp., Inc., No. CV 15-06237-SJO (ASx), 2016 WL 6661176, at *4 (C.D. Cal. Apr. 1, 2016) (quoting Therasense, 649 F.3d at 1290 ("[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'") (emphasis in original). In considering a motion to strike, the question before the Court is whether "the claimant pled 'sufficient allegations of underlying facts from which a court **may reasonably infer** […] specific intent to deceive the PTO." Id. (quoting Exergen, 575 F.3d at 1329-29) (emphasis in original); see also Targus Int'l LLC v. Everki USA, Inc, No. 8:20-cv-00641-JLS (DFM), 2020 WL 7379384, at *4 (C.D. Cal. Nov. 3, 2020) (a party "needs to plead only 'sufficient underlying facts to support a reasonable inference' that [the moving party] intended to deceive the PTO" to survive a motion to strike); Hangzhou, 2016 WL 10518582, at *5. Quibi meets that standard here.

As discussed above, Quibi has sufficiently alleged that Rotbard had knowledge of the HLS standard and its materiality the claims of the '220 patent due to his prior work on iOS applications during the period when he had a duty to disclose such prior art to the PTO. See Answ. at 22. In addition, Quibi alleges that HLS was a "ubiquitous" standard in the industry during the relevant period, including because it was "the required streaming format for iOS devices," was published by Apple as of at least May 2009, and had been adopted by numerous other video streaming systems, such as Netflix and Hulu, before the priority date. Id. at 21-22. As noted above, Quibi further alleges that Eko itself recognizes HLS's significance to the validity of the '220 patent because its "infringement contentions for the '220 patent are based on Quibi's use of HLS," which contributes to the conclusion that disclosure of the HLS standard "would have induced the examiner to reject the claims of the '220 patent." Id. at 22-23. Taken as true for purposes of a Rule 12(f) motion, those allegations are together sufficient to allow the Court to reasonably infer that Rotbard withheld the HLS standard from the PTO with specific intent to deceive. See Seville Classics, 2016 WL 6661176, at *4; see also Hangzhou, 2016 WL 10518582 at *5 (finding defendant sufficiently pled intent to deceive based alleged omissions from patent application even where inference that plaintiff acted "in good faith [was] also plausible").

Accordingly, the Court finds that Quibi's answer sufficiently pleads inequitable conduct.

Eko's motion to strike Quibi's fourth affirmative defense is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-02299-CAS (SKx) <br> 2:20-CV-02250-CAS (SKx) | Date | April 12, 2021 |
|---|---|---|---|
| Title | JBF INTERLUDE 2009 LTD, ET AL. v. QUIBI HOLDINGS LLC, ET AL. <br> QUIBI HOLDINGS LLC, ET AL. v. INTERLUDE U.S., INC., ET AL. | | |

## V. CONCLUSION

The Court **DENIES** Eko's motion to strike.

IT IS SO ORDERED.

           00  :  06
Initials of Preparer        CMJ