UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| QUIBI HOLDINGS, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INTERLUDE U.S., INC. d/b/a eko; and JBF INTERLUDE 2009 LTD. - ISRAEL,<br><br>　　　　Defendants.<br><br>JBF INTERLUDE 2009 LTD, and INTERLUDE U.S., INC. d/b/a eko,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>QUIBI HOLDINGS, LLC, WNDRCO HOLDINGS, LLC, QBI HOLDINGS, LLC, NEW QBI, LLC, CLIFTON L. SMITH, JR., JOSEPH BURFITT, ROBERT A. POST, JR., BLAKE BARNES, ERIC BUEHL, AND JEFFREY KATZENBERG,<br><br>　　　　Defendants. | **Case No. 2:20-cv-2299-CAS(SKx)- CONSOLIDATED**<br><br>Case No. 2:20-cv-2250-CAS(SKx)- LEAD<br><br>**ORDER TO MODIFY STIPULATED PROTECTIVE ORDER**<br><br>**[Discovery Document: Referred to Magistrate Judge Steve Kim]** |

Pursuant to Central District of California Local Rule 7-1, JBF Interlude 2009 Ltd. and Interlude U.S., Inc. d/b/a eko (collectively, "eko") and Quibi Holdings, LLC, WndrCo Holdings, LLC, QBI Holdings, LLC, New QBI, LLC, Jeffery Katzenberg, Clifton L. Smith, Jr., Joseph Burfitt, Robert A. Post, Jr., Eric Buehl, and Blake Barnes (collectively, the "Quibi Parties"), by and through their undersigned counsel, have submitted a Stipulation To Modify The Stipulated Protective Order. Upon reviewing the parties' stipulation, and finding that good cause exists, the Court ORDERS as follows:

Section 7.3 of the Protective Order is hereby amended by replacing the corresponding text as follows:

Amended Section 7.3: Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information shall not be involved, directly or indirectly, in any of the following activities: (a) the prosecution of patents or patent applications, on behalf of the Receiving Party, related to video production, video compression, video streaming, video encoding, video delivery and playback, and video distribution; and (b) the prosecution of the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims in a patent application or patent. To avoid any doubt, "prosecution" as used in this paragraph does not include outside counsel of record representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, post grant review or inter

partes review), provided that said outside counsel of record will not participate, assist, or advise in crafting or amending any patent claims.

IT IS SO ORDERED.

Dated: April 20, 2021

HON. STEVE KIM
UNITED STATES MAGISTRATE JUDGE